Per Curiam.
Respondent was admitted to practice by this Court in 1982. He maintained a law office in Florida, where he was admitted to the bar in 1974.
By order dated June 14, 2011, the Supreme Court of Florida disbarred respondent by consent for professional misconduct associated with his trust account and involving dishonesty, fraud, deceit or misrepresentation (see Rules Regulating the Florida Bar, rules 4-3.3, 4-8.4 [c]; 5-1.1).
Petitioner now moves for an order imposing discipline pursuant to this Court’s rules (see 22 NYCRR 806.19). Respondent has filed responsive papers that we conclude do not establish any of the applicable defenses (see 22 NYCRR 806.19 [d]). We have also heard respondent in mitigation.
Under all of the circumstances presented, we grant petitioner’s motion and further conclude that the same discipline should be imposed by this Court as was imposed in Florida, i.e., disbarment.
Mercure, J.P, Lahtinen, Spain, McCarthy and Garry, JJ., concur. Ordered that petitioner’s motion is granted; and it is further ordered that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain *1168 from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court’s rules regulating the conduct of disbarred attorneys (see 22 NYCRR 806.9).